DAVID J. BUCHANAN, and in the interest of HEIDI N. BUCHANAN, Plaintiff Below, Appellant,
v.
THOMAS E. GAY, ESQUIRE; THALIA JOAN GAY; and the firm of STUMPF, VICKERS & SANDY, P.A., Defendants Below, Appellees.
No. 562, 2006.
Supreme Court of Delaware.
Submitted: March 8, 2007.
Decided: May 17, 2007.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
Carolyn Berger, Justice
This 17th day of May 2007, upon consideration of the opening brief filed by the pro se appellant, David J. Buchanan ("Buchanan"), a motion to affirm filed by appellees-Thomas E. Gay, Esq. and the law firm of Stumpf Vickers & Sandy, P.A. (collectively "Attorney/Law Firm Defendants"), and a motion to affirm filed by appellee-Thalia Joan Gay ("Nurse Defendant"), it appears to the Court that:
(1) Buchanan filed a complaint seeking damages in the amount of $37 million dollars for "Breach of Fiduciary Duty, Medical Malpractice, Defamation of Character, Derivative Tort, Infliction of Severe Emotional Distress and Harm, Litigation Conducted in Malum in Se, Failure to Observe Federal Bankruptcy Laws, Violation of Civil Rights, Disadvantaging an Opposing Party by Misleading a Presiding Judge, Abuse of Process, Errors and Omissions."[1] Nurse Defendant denied the medical malpractice allegations and sought to dismiss the complaint for Buchanan's failure to file an affidavit of merit.[2] Attorney/Law Firm Defendants sought to dismiss the complaint for Buchanan's failure to state a cognizable claim, his failure to join a necessary party, and on the bases of collateral estoppel, judicial estoppel, absolute privilege, and lack of standing.[3]
(2) On June 26, 2006, the Superior Court conducted a hearing on the motions to dismiss filed by Attorney/Law Firm Defendants and Nurse Defendant (collectively "Defendants") and several motions filed by Buchanan.[4] By memorandum opinion dated September 21, 2006, the Superior Court granted Defendants' motions to dismiss and denied, deemed moot, or denied as stricken, Buchanan's motions.[5] Buchanan then filed a timely motion for reargument, which the Superior Court denied by order dated October 13, 2006.
(3) Buchanan filed this appeal from the Superior Court's September 21, 2006 and October 13, 2006 decisions. The Court has carefully considered the parties' positions on appeal and the Superior Court record, including the transcript of the June 26, 2006 hearing.[6]
(4) We find it manifest on the face of the opening brief that the appeal is without merit. The Court cannot discern an error of law or abuse of discretion on the part of the Superior Court when dismissing the complaint and otherwise denying relief. The Court concludes that the Superior Court's judgment should be affirmed on the basis of, and for the reasons set forth in, the well-reasoned decisions of September 21, 2006 and October 13, 2006.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 25(a), that the motions to affirm are GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Buchanan filed the complaint on his behalf and in the interest of his daughter, Heidi N. Buchanan ("Daughter"). To the extent Buchanan sought relief on behalf of Daughter, the Superior Court dismissed the complaint for (I) Buchanan's failure to follow the procedure for appointment as Daughter's legal representative, (ii) Daughter's age of majority at the time of the proceedings, and (iii) Daughter's affidavit requesting that she be dismissed as a party.
[2] See Del. Code Ann. tit. 18, § 6853(a)(1) (Supp. 2006) (providing that a healthcare negligence complaint must be accompanied by an affidavit of merit signed by an expert witness stating that there are reasonable grounds to believe that healthcare medical negligence has been committed).
[3] Attorney/Law Firm Defendants represented Buchanan's former wife in matters before the Family Court, the Federal Bankruptcy Court, and this Court. Nurse Defendant is a licensed nurse employed by Beebe Hospital where Buchanan was a patient and is the spouse of Attorney Defendant.
[4] Buchanan filed motions for default judgment, to strike and for protective order.
[5] Buchanan v. Gay, 2006 WL 2709401 (Del. Super. Ct.).
[6] A copy of the hearing transcript was provided to Buchanan at State expense.